IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LEONARD MADISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:22-cv-173–HEH |
| MEDIKO CORRECTIONAL HEALTH CARE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION
### (Dismissing Defendants for Lack of Service)

Leonard Madison, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983. The matter is before the Court on Madison's failure to timely serve Defendants Felio and Harper.

Under Federal Rule of Civil Procedure 4(m),[1] Plaintiff had 90 days to serve Defendants. Here, that period commenced on November 28, 2022. By Memorandum Order entered on that date, the Court informed Madison that, to the extent that he wished the Marshal to serve the Defendants, he should promptly provide the Court with the street addresses for the Defendants. Madison waited nearly three months before providing the

---

[1] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

addresses on February 23, 2023. (ECF No. 20.) Thereafter, on March 10, 2023, the Marshal returned the summonses for Defendants Felio and Harper unexecuted because these individuals no longer worked at the address Madison had provided. (ECF No. 23 at 1, 3.) By Memorandum Order entered on March 22, 2023, the Court directed Madison to show good cause for his failure to timely serve Defendants Felio and Harper. Madison responded that he provided an address for Defendants Felio and Harper. (ECF No. 26.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10CV210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons. *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good

cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Madison providing an address for Defendants, at the end of the ninety-day service period, fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Accordingly, all claims against Defendants Felio and Harper will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall accompany this Memorandum Opinion.

                                                         /s/
                                    Henry E. Hudson
Date: April 20, 2023         Senior United States District Judge
Richmond, Virginia